UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOE N. SHERROD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-1137 |
| | ) | |
| WEXFORD HEALTH SOURCES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 6). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 8). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he experienced chest pains, migraine headaches, balance issues, weakness, and soreness a few days after returning from a court hearing in Cook County in late 2021. He alleges that Defendant Tracy gave him cold pills and sent him back to his cell.

Plaintiff alleges that Defendant Jane Doe #1 examined him for symptoms of a stroke two weeks later and referred him to the physician or nurse practitioner. He alleges that he never saw the provider, and, upon informing her of this issue, Defendant Jane Doe #1 told Plaintiff to submit another sick call request slip. Plaintiff alleges that Defendant Jane Doe #2 gave him another sick call request slip a few days later and told him that Dr. Tilden and Cheryl Hansen were on vacation and at home with Covid-19, respectively. Plaintiff alleges that Defendant Wexford failed to have a doctor or nurse practitioner on-site from December 1, 2021, through January 5, 2022, and that they lacked a procedure to contact these individuals.

Plaintiff alleges that he fell out of his bunk on January 3, 2022, and that Defendant Dryersdel told him she could not send him to the healthcare unit unless he was "unconscious or near death" because of an ongoing Covid-19 quarantine. Plaintiff alleges that Dr. Tilden refused to provide treatment for his symptoms on January 5, 2022.

Plaintiff's allegations permit a plausible inference that Defendants Hart[1], Hansen, and Tracy failed to provide medical treatment for serious medical conditions, resulting in part from Defendant Wexford's alleged failure to provide adequate staff. The Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Hart, Hansen, and Tracy in their individual capacities, and an official policy claim against Defendant Wexford. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff's allegations do not permit a plausible inference that Defendants Jane Doe #1, Jane Doe #2, and Dryersdel failed to provide adequate medical treatment or that they were

---

[1] Dr. Tilden died in February 2023. Pamela E. Hart is the administrator of Dr. Tilden's estate.

responsible for the Covid-19 quarantines in place or the lack of medical personnel at the facility.

The Court finds that Plaintiff does not state a claim against these defendants.

**IT IS THEREFORE ORDERED:**

    **1.     Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

    **2.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Hart, Hansen, and Tracy in their individual capacities, and an official policy claim against Defendant Wexford. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

    **3.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

    **4.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

    **5.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

    **6.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

    **7.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any**

motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

       8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

       9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

       10.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

       11.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

       12.      The clerk is directed to terminate Dryerdel, Jane Does 1-10, Rebecca Bucczowski, and Mindi Nurse as defendants.

       13.      The clerk is directed to add Tracy as a defendant.

       14.      The clerk is directed to attempt service on Pamela E. Hart, Cheryl Hansen, Tracy, and Wexford Health Sources pursuant to the standard procedures.

Entered this 11th day of June, 2025.

          *s/Sara Darrow*
          SARA DARROW
          CHIEF U.S. DISTRICT JUDGE